**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WGL ENERGY SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>DAE SUNG LLC<br><br>Defendant. | Civil Action No. 18-cv-00507-KBJ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS IV, V, AND VI OF PLAINTIFF'S COMPLAINT**

Defendant, DAE SUNG LLC ("Defendant" or "Dae Sung"), in the above-entitled matter, by counsel, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Counts IV, V and VI of Plaintiff's Complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully requests that this Honorable Court grant the motion. As grounds therefore, Defendant states as follows:

## RELEVANT FACTUAL BACKGROUND

On or about December 2, 2010, Dae Sung and Plaintiff, WGL Energy Systems, Inc. ("Plaintiff" or "WGL"), entered into an express, written "Subcontract Agreement to Provide Design/Build Services in Accordance with the ARRA-Funded Prime Contracts Between Dae Sung Corporation and the GSA" (the "Subcontract"). Compl. ¶¶ 9, 55. A copy of the Subcontract is attached hereto as Exhibit A.[1] Pursuant to the terms of the Subcontract, WGL

[1] The attached subcontract (Exhibit A), work orders (Exhibits B and C), and Modification 21 (Exhibit D) are at the heart of this case and serve as the bases for Dae Sung's alleged liability to WGL. They are central to WGL's claim, quoted verbatim, and referred to repeatedly in the Complaint, yet Plaintiff did not attach them to the Complaint as exhibits. "Where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting [a motion to dismiss] to one for summary judgment." *Vanover v.*

agreed to provide services as requested by Dae Sung through subsequently-issued "work orders." *Id*. ¶ 12.

The claims for relief in the Complaint are based upon three projects that were memorialized in written work orders issued from Dae Sung to WGL: the "Tax Court Project," issued on or about November 29, 2010; the "Markey Project," issued on or about November 29, 2010; and the "Environmental Protection Agency ("EPA") Project," issued on or about May, 2010. *Id*. ¶¶ 14-15, 35, 55. Copies of the work orders are attached hereto as Exhibit B (combined Tax Court Project and Markey Project) and Exhibit C (EPA Project), respectively.[2] WGL also contends that it is entitled to relief based upon a written modification to the "prime contract" between the U.S. Government, working through the General Services Administration ("GSA"), and Dae Sung, entitled "Modification 21," which enumerated certain additional work to be performed by WGL. *Id*. ¶¶ 25-28.[3] *See also* Exhibit D – Modification 21.

In its Complaint, WGL asserts three counts of breach of contract: Count I – Breach of Contract (Tax Court Project); Count II – Breach of Contract (Markey Project); and Count III –

---

*Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999); *see also Sandza v. Barclay's Bank PLC*, 151 F. Supp. 3d 94, 101 (D.D.C. 2015) (loan agreement considered as part of complaint by court on motion to dismiss, even though not attached to complaint, because plaintiff relied upon it repeatedly in her allegations).

[2] *See supra* footnote 1 and accompanying text. Defendant has been unable to locate, to date, duly executed copies of the relevant work orders. It has attached hereto, as Exhibits B and C, the copies within its possession, which are signed by Defendant only. Plaintiff's Complaint implies that the work orders attached as Exhibits B and C are the work orders referenced in the Complaint. *See* Compl. ¶¶ 14-15 (the work order for the Tax Court Project was issued on November 29, 2010 and a notice to proceed with issued on January 20, 2011); ¶¶ 35-36, 38 (the work order for the Markey Project was issued on November 29, 2010 for work to include replacing light fixtures, replacing lamps, and installing motion sensors, and a notice to proceed during the first quarter of 2011); ¶¶ 49-50 (the work order for the EPA Project included installation of computer systems and recommissioning the building's automation system).

[3] WGL also contends that Federal Acquisition Regulation ("FAR") 52.232.5 applies to the prime contract between GSA and Dae Sung and that Dae Sung has made certain certifications that are governed by that FAR section. *See* Compl. ¶¶ 33-34. However, there appear to be no specific claims for relief in the Complaint that are tied to the alleged certifications or the cited FAR section. *See generally id*.

Breach of Contract (EPA Project). Plaintiff's allegations of breach and claim for relief in these Counts relies entirely on the express terms of the Subcontract, work orders, and/or Modification 21. *See id*. ¶¶ 63-68 (Tax Court Project); ¶¶ 71-76 (Markey Project); ¶¶ 79-84 (EPA Project).

WGL also advances three counts of unjust enrichment in its Complaint, one for each of the three Projects. In each of Counts IV (Unjust Enrichment (Tax Court Project)), V (Unjust Enrichment (Markey Project), and VI (Unjust Enrichment (EPA Project), WGL specifically incorporates all factual allegations of the Complaint, including those that identify the Subcontract as the basis for WGL's work on each project. *See id.* ¶¶ 86, 90, 94.

## ARGUMENT

### I. Standard of Review

Motions to dismiss for failure to state claim upon which relief could be granted are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. "A rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint, and as such, prompts an evaluation of whether or not the pleading contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Robinson v. Farley*, 264 F. Supp. 3d 154, 159 (D.D.C. 2017) (Brown Jackson, J.) (quoting *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))) (internal quotation marks omitted). A satisfactory pleading must provide more than just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," to survive a motion to dismiss. *Alliance of Artists and Recording Cos., Inc. v. GMC*, 162 F. Supp. 3d 8, 16

(D.D.C. 2016) (Brown Jackson, J.) (quoting *Doe v. De Amigos, LLC*, 987 F. Supp. 2d 12, 15 (D.D.C. 2013) (quoting *Iqbal*, 556 U.S. at 678)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ross v. United States Capitol Police*, 195 F. Supp. 3d 180, 192 (D.D.C. 2016) (Brown Jackson, J.) (quoting *Harris*, 791 F.3d at 68 (quoting *Iqbal*, 556 U.S. at 678)).

On a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). The court must also construe the factual allegations in favor of the non-moving party. *See Long v. Safeway*, 842 F. Supp. 2d 141, 144 (D.C.C. 2012). When challenges to a plaintiff's claims come before the court on a motion to dismiss, the pleadings are regarded as evidence. *See Smalls v. Emanual*, 840 F. Supp. 2d 23, 28 (D.D.C. 2012). That said, "[t]he court's review of a Rule 12(b)(6) motion is not 'limited to the four corners of the complaint.'" *McNeil v. District of Columbia*, 109 F. Supp. 3d 8, 9 (D.D.C. 2015) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)). "Instead, the court "must consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference . . . ." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); see also Wright & Miller, *supra*, at § 1357.

## II. Plaintiff's Unjust Enrichment Claims Must Be Dismissed Because an Express Subcontract Between the Parties is the Basis for the Complaint

As WGL concedes in its Complaint, "[t]he three projects at issue in this matter *all arise under the Subcontract and work orders issued thereunder*." Compl. ¶ 13 (emphasis added). The services allegedly provided by WGL for which it seeks compensation here were performed on the three projects "[p]ursuant to the Parties' Subcontract." *Id.* ¶¶ 63, 71, 79. And, WGL claims to have been damaged because "Dae Sung breached its contractual obligations in various ways."

*Id*. ¶¶ 68, 76, 84. In sum, there is no dispute that all of the respective rights and duties of the Parties that are at issue in this case arise from a written Subcontract and the written work orders and modifications issued pursuant thereto.

Counts IV, V and VI, *i.e.*, Plaintiff's claims for unjust enrichment, must be dismissed because "[t]here can be no claim for unjust enrichment when an express contract exists between the parties." *Plesha v. Ferguson*, 725 F. Supp. 2d 106, 112 (D.D.C. 2010) (citing *Schiff v. Am. Ass'n of Retired Persons*, 697 A.2d 1193, 1194 (D.C.1997)). "Unjust enrichment is an equitable quasi-contract claim 'based on a contract implied in law.'" *In re APA Assessment Fee Litig.*, 766 F.3d 39, 46 (D.C. Cir. 2014) (quoting *Peart v. D.C. Hous. Auth.*, 972 A.2d 810, 813-14 (D.C. 2009)). "Such a claim is a '[l]egal fiction' designed 'to permit recovery by contractual remedy in cases where, in fact, there is no contract . . . .'" *Id*. (quoting *4934, Inc. v. D.C. Dep't of Emp't Servs.*, 694 A.2d 50, 55 (D.C. 1992) (quoting BLACK'S LAW DICTIONARY 324 (6th ed. 1990)). Indeed, "in order to claim a remedy for unjust enrichment, there must be no contract, either express or implied." *Intelect Corp. v. Cellco P'ship GP*, 160 F. Supp. 3d 157 (D.D.C. 2016) (citing *Schiff*, 697 A.2d at 1194 n.2; *Bloomgarden v. Coyer*, 479 F.2d 201, 210 (D.C.Cir.1973) ("There is, of course, no need to resort to [unjust enrichment] when the evidence sustains the existence of a true contract, either express or implied in fact.")); *see also Shaw v. Marriott Int'l, Inc.*, 570 F. Supp. 2d 78, 89 (D.D.C.2008) ("a party to a valid contract cannot bring a claim for unjust enrichment related to the subject matter of an express contract between the parties.")

There is no question that the written Subcontract, and the written work orders and modifications thereof, are the bases for the claims in the Complaint. For instance, WGL asserts, in Paragraph 12 of the Complaint, that the services it agreed to provide were requested by Dae Sung pursuant to work orders issued under the Subcontract, and, in Paragraph 13, that the

projects at issue in the case "all arise under the Subcontract and work orders issued thereunder." Compl. ¶¶ 12-13. Each of the counts in the Complaint for unjust enrichment incorporates by reference all of the factual allegations contained therein, including those contained in Paragraphs 12 and 13 and those evidencing an express and valid contract between the Parties. *See id*. ¶¶ 9-16, 24-27, 29, 32-33, 35-36, 41, 45-46, 53, 55-56, 59-60, 63-68, 71-76, 79-84. Each of the counts for unjust enrichment alleges that the services that were provided by WGL were provided "in connection with" the respective projects, each of which, as noted above, arose "under the Subcontract." *See id*. ¶¶ 87, 91, 95. And, WGL makes no claim in the Complaint, either expressly or impliedly, that the Subcontract, the work orders, or the modification are invalid in any respect or that they are claiming damages for work performed outside the terms of the Subcontract, work orders, or change orders. *See generally id.* Accordingly, as a party to these various valid contracts, with claims drawn entirely from the duties and obligations imposed by those valid contracts, WGL cannot bring claims for unjust enrichment that are admittedly related to the subject matter thereof, *Shaw*, 570 F. Supp. 2d at 89, and this motion to dismiss must be granted.

[REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY]

## CONCLUSION

WHEREFORE, the foregoing considered, Defendant Dae Sung LLC respectfully moves this Honorable Court to dismiss Counts IV, V and VI of the Complaint with prejudice, and grant it such other and further relief as may be appropriate under the circumstances of the case.

Date: March 9, 2018

Respectfully submitted,

**DAE SUNG LLC**

/s/ Matthew E. Feinberg

Antonio R. Franco, Esq. (Bar # 416787)
Paul W. Mengel III, Esq. (Bar # 457207)
Matthew E. Feinberg, Esq. (Bar # 991638)
**PILIEROMAZZA PLLC**
888 17th Street NW, 11th Floor
Washington, DC 20006
(202) 857-1000
(202) 857-0200 (Fax)
*afranco@pilieromazza.com*
*pmengel@pilieromazza.com*
*mfeinberg@pilieromazza.com*

*Attorneys for Defendant Dae Sung LLC*